IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-278 |
| | § | C.A. No. C-10-107 |
| STEVEN REYNALDO PEREZ, | § | |
|     Defendant/Movant. | § | |

**ORDER SETTING BRIEFING SCHEDULE,
ORDER DENYING MOTION FOR RECUSAL,
ORDER DENYING AS MOOT MOTION
TO PROCEED *IN FORMA PAUPERIS*, AND
ORDER DENYING WITHOUT PREJUDICE MOTION FOR HEARING**

On April 13, 2010, the Clerk received Movant Steven Reynaldo Perez's ("Perez") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, with supporting memorandum. (D.E. 40, 41.) At the same time, Perez filed a motion for recusal with supporting a memorandum (D.E. 44, 45), a request for a hearing (D.E. 42) and a motion to proceed *in forma pauperis* (D.E. 43), all of which are addressed herein.

**I.   BRIEFING SCHEDULE**

As to Perez's § 2255 motion, the Court has reviewed it and concludes that summary dismissal pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2009) ("2255 RULES") is inappropriate. Although Perez's motion appears to be untimely, Perez provides several different reasons why his motion should not be dismissed as time-barred. (See D.E. 41, Supporting Memorandum at 10-12.) It is therefore ORDERED that the United States answer the § 2255 motion not later than forty-five days after the entry of this Order. As part of its answer, the government should address whether Perez's motion is barred by the applicable statute of limitations and whether he is entitled to statutory or equitable

1

tolling.

It is further ORDERED that the United States provide, at the time of its answer, transcripts of all pertinent proceedings that are not already part of the record. Relevant affidavits, if any, are also to be filed with the answer.

Pursuant to Rule 5(d) of the 2255 RULES, Perez may file a reply not later than thirty days after service of the government's answer.

## II.    MOTION FOR RECUSAL

Perez has also filed a motion requesting that this Court recuse itself from these proceedings. (D.E. 44.) In that motion, Perez asserts that this Court has "direct interests against" him and that the Court cannot be an "impartial arbiter." (D.E. 44 at 1.)

In support of his claim of impartiality, he refers "generally" to his § 2255 motion and supporting memorandum. (See D.E. 44 at 1.) His memorandum in support of his § 2255 motion, however, contains almost 700 pages, including a number of attachments. Perez does not point to specific documents in the record in support of his recusal motion and the Court will not review the entire record to look for documents that might support some claim of impartiality. Instead, the Court relies solely on the arguments raised by Perez in his memorandum in support of his motion for recusal. (D.E. 45.)

In that memorandum, aside from various sweeping, unsupported statements concerning the Court's alleged bias, the remaining allegations of impartiality all arise from the Court's action (or alleged inaction) in his revocation proceedings. Specifically, Perez asserts that the Court has shown it is biased against him because the Court "sided with the State of Texas," "ignor[ed] the United States Constitution" and "turned her head while the State of Texas broke the law ... to illegally convict" Perez of "murder under a theory of murder that is not murder even after a grand jury had

already voted to 'no bill'" Perez. (D.E. 45 at 2.) According to Perez, the Court did this by "leaving him in the county jail for almost a year and a half without the right to post bond, without giving him an attorney, and without giving him a hearing before a magistrate judge. (Id.) He also faults the Court for ordering his federal sentence to run consecutive to his "void state sentence" for murder, which he claims was pursuant to a "fake indictment" and "fake jury charge." (D.E. 45 at 3.)

There are two provisions that could potentially govern the request for recusal in this case, and Perez cites to both. The first is 28 U.S.C. § 144, which governs a request for recusal by a party; the second is 28 U.S.C. § 455, which governs the disqualification of a judge for various reasons. Regardless of which of these two provisions Perez's motion is considered under, however, this Court has authority to determine the recusal motion before it. See Doddy v. Oxy USA, Inc., 101 F.3d 448, 458 n.7 (5th Cir. 1996) (when the issue of recusal arises, whether through a motion to recuse under § 455, an affidavit of prejudice under § 144, or the judge's own motion, the judge has the option to transfer the recusal matter to another judge for decision or determine it himself). Having reviewed the motion and the record, the Court concludes that recusal is not warranted in this case.

A party may request the recusal of a judge if "his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); Andrade v. Chojnacki, 338 F.3d 448, 454 (5th Cir. 2003). Recusal is required where the moving party demonstrates that an objective reasonable person fully informed of the underlying facts would "entertain significant doubt that justice would be done absent recusal." United States v. Lauersen, 348 F.3d 329, 334 (2d Cir. 2003).

The Fifth Circuit has emphasized that the "origin of the judge's alleged bias is of critical importance," explaining that events occurring or opinions expressed in the course of judicial proceedings "rarely require recusal" and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Andrade, 338 F.3d at 455 (internal citations omitted).

Perez is unhappy that his federal revocation proceedings were not held sooner. He also makes various challenges to the legality of his state conviction and sentence and claims that this Court "turned its head" to the illegalities of that conviction. The actions by the Court that Perez challenges fall squarely within the realm of events occurring in the course of judicial proceedings. See Andrade, 338 F.3d at 455. As such, the origin of the alleged bias was the criminal proceedings over which this Court was presided, and it is only the "rare" case where recusal would be required. Id. Moreover, to the extent he is alleging that this Court's scheduling of his hearing or judicial rulings support his claim for bias, he has not overcome the Andrade court's presumption that judicial rulings alone "almost never constitute a valid basis" for recusal. See id.

The Court has reviewed the docket in this case and the manner in which Perez's revocation proceedings were held and sees nothing out of the ordinary, nor nothing exhibiting a bias or impartiality by this Court. In short, there is no basis for recusal. Accordingly, Perez's motion for recusal (D.E. 44) is DENIED.

### III.   OTHER PENDING CMOTIONS

As noted, Perez has also filed an application to proceed *in forma pauperis* (D.E. 43); and a motion for a hearing (D.E. 42). For purposes of filing fees, a motion filed under 28 U.S.C. § 2255 is essentially a continuation of the defendant's criminal case. See United States v. Cole, 101 F.3d 1076 (5th Cir. 1996) (characterizing § 2255 motion and indicating that it is not a civil action for purposes of the Prison Litigation Reform Act). In this district, no filing fee is required to file such a motion. Accordingly, there is no need for *in forma pauperis* status in this matter. Perez's motion to proceed *in forma pauperis* (D.E. 43) is therefore DENIED AS MOOT.

As to Perez's request for an evidentiary hearing (D.E. 42), it is premature. The government has not yet responded to the § 2255 motion. After its response and any reply by Perez are filed, the

Court will then determine whether or not an evidentiary hearing is needed. Accordingly, Perez's motion for a hearing (D.E. 42) is DENIED WITHOUT PREJUDICE.

It is so ORDERED this 16th day of April, 2010.

_____
Janis Graham Jack
United States District Judge