IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-03-278 |
| | § | C.A. No. C-10-107 |
| STEVEN REYNALDO PEREZ, | § | |
| | § | |
| Defendant-Movant. | § | |

### ORDER DENYING MOTION FOR RECONSIDERATION

By Order signed and entered April 16, 2010, the Court ordered the government to respond to Movant Steven Reynaldo Perez's 28 U.S.C. § 2255 motion. (See D.E. 46.) In the same order, the Court also denied without prejudice Perez's related motion for a hearing, denied his motion for recusal, and denied his motion to proceed *in forma pauperis* as moot. (D.E. 46 at 2-5.)

On May 3, 2010, the Clerk received from Perez a motion for reconsideration with supporting memorandum. (D.E. 49, 50.) In it, he asks that the Court reconsider its order denying his motion for recusal and he also complains that the Court failed to "make any direct order or ruling on the request for a hearing on the Motion to recuse," as opposed to a motion for an evidentiary hearing. (D.E. 49 at 2.) He claims that he is preparing a civil suit in which he is going to name a number of entities and individuals as defendants, including this Court. He explains that he will be brining claims of constitutional violations, as well as claims for false arrest, illegal incarceration, false imprisonment, malicious prosecution, and that he will be seeking eighty million dollars in damages. (D.E. 49 at 2-3.) He therefore argues that this Court has a "major financial interest in the outcome of these proceedings." (D.E. 49 at 3.)

1

Nothing in Perez's motion to reconsider changes the Court's conclusion that it need not recuse itself in this matter. Notably, a judge is not required to recuse simply because a pro se litigant names the judge as a party in another lawsuit. See, e.g., Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (district judge did not abuse her discretion in refusing to withdraw from case where litigant had a case pending against her; the *pro se* litigant had sued numerous federal judges and the lawsuit was not sufficient to establish that recusal was warranted); United States v. Studley, 783 F.2d 934, 939-40 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks" and thus recusal was not required simply because lawsuit had been filed by criminal defendant against the district judge prior to sentencing) (citations omitted); United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him.").

This is particularly true where, as here, the claims against the judge are highly unlikely to be successful, since a judge has absolute immunity from civil liability for her rulings in a lawsuit. Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (judges have absolute judicial immunity for decisions they make and orders they enter in the course of judicial proceedings, even if the judge is accused of acting maliciously and corruptly) (citations omitted); see also Stump v. Sparkman, 435 U.S. 349 (1978). As noted in the Court's prior order, the allegations underlying all of Perez's purported civil claims are based on the Court's judicial actions and decisions in his criminal case. (See D.E. 46 at 2-4.)

Thus, to allow Perez to force recusal simply by threatening to file or filing a lawsuit naming the judge as a defendant would be to allow him to engage in judge-shopping and should not be countenanced. Indeed, it is improper for a litigant "to create the ground on which he seeks the

recusal of the judge assigned to his case.  That is arrant judge-shopping." Sullivan v. Conway, 157 F.2d 1092, 1096 (7th Cir. 1998); accord United States v. Owens, 902 F.2d 1154, 1156 (4th Cir. 1990) ("Parties cannot be allowed to create the basis for recusal by their own deliberate actions.  To hold otherwise would encourage inappropriate 'judge shopping.'").

For all of the foregoing reasons, the standard for recusal is not met here.  Quite simply, an objective person, cognizant of the relevant circumstances, would not harbor legitimate doubts about this court's impartiality.  See, 28 U.S.C. § 455(a) (recusal of a judge is required if "his impartiality might reasonably be questioned"); Andrade v. Chojnacki, 338 F.3d 448, 454 (5th Cir. 2003).

Notably, this Court has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995).  The Court will not shirk that obligation and will not recuse upon the mere threat of a civil lawsuit against it, particularly where the allegations in that lawsuit stem from the Court's judicial actions.

In short, the Court has reviewed Perez's motion and supporting memorandum, but nothing therein changes the Court's conclusions as set forth in its prior order.  Accordingly, Perez's motion for reconsideration (D.E. 49) is DENIED.

It is so ORDERED this 25th day of May, 2010.

_____
Janis Graham Jack
United States District Judge